## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GREG KELLER** | : | **CASE NO.  2:23-CV-00737** |
| **VERSUS** | : | **JUDGE DAVID C. JOSEPH** |
| **PROTECTIVE INSURANCE CO ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

### REPORT AND RECOMMENDATION

Before the court is a motion to remand filed by plaintiff, Greg Keller ("Plaintiff").  Doc. 10.  The motion is opposed by defendants, Linden Bulk Transportation, LLC, Protective Insurance Company, and Michael D. Mosley (collectively, "Defendants").  Doc. 12.  Plaintiff argues that the removal of this matter to federal court was untimely under 28 U.S.C. § 1446(b), requiring remand. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

For the reasons stated herein, **IT IS RECOMMENDED** that Plaintiff's motion to remand be **GRANTED** and that Defendants be ordered to pay Plaintiff the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447 (c).

### I.
### BACKGROUND

This litigation arises from an automobile accident that occurred on or about February 11, 2022, in Calcasieu Parish, Louisiana.  Doc. 1, att. 1, pp. 1–2.  On September 22, 2022, Plaintiff filed a civil action in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana, styled *Greg Keller v. Protective Ins. Co., et al.*, No.  2022-4797, Div. E (the "Petition").  Doc. 1, att. 1.  Plaintiff alleges that his vehicle was involved in an accident with a 2019 Freightliner Tractor

owned by Linden Bulk Transportation, LLC ("Linden Bulk"), insured by Protective Insurance Company ("Protective"), and operated by Michael D. Mosley, ("Mosley").

The first paragraph of the Petition asserts that damages exceed the thresholds for federal court jurisdiction and trial by jury:

> [Protective, Linden Bulk, and Mosley] are made defendants herein and are justly and truly indebted unto your Petitioners, individually and *in solido*, for such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, **which damages exceed the threshold amounts for trial by jury and for Federal Court jurisdiction**, and for all costs of these proceedings . . .

Doc. 1, att. 1, p. 1 (emphasis added).

The Petition alleges that Plaintiff sustained "severe injures" as a result of the accident, including injuries to his "neck, lower back, and left shoulder, along with severe nervous shock." Doc. 1, att. 1, p. 3. The Petition seeks damages including past and future medical expenses, lost wages, loss of earning capacity, pain and suffering, disability, and loss of enjoyment of life. *Id.* Defendants were served with the Petition sometime before December 1, 2022.[1]

On June 2, 2023, Defendants removed the action to this court, asserting that this court may exercise diversity jurisdiction over this matter under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Doc. 1. The Notice of Removal asserts that the removal is timely because Defendants first became aware that the $75,000 jurisdictional threshold was met on May 3, 2023, when they received certain discovery responses

---

[1] Defendants acknowledge in the Notice of Removal that they were all served with the Petition via the Louisiana Long Arm Statute without indicating the timing of that service. Doc. 1, p. 3, ¶ VII. The date of service of the Petition is uncertain because the removing party did not file into this record a copy of the state court record, in contravention of this Court's Removal Order. Doc. 5. The Motion to Remand alleges that Defendants answered the Petition on December 1, 2022, and Plaintiff attaches a copy of that Answer to his Motion. Doc. 10, att. 3. Defendants do not contest this point.

and medical records illuminating the extent of Plaintiff's injuries.  Doc. 1, p. 4.  Defendants assert that "federal jurisdiction was not 'unequivocally clear and certain' until receipt of medical bills evidencing multiple injections and an indeterminate amount of past wage losses . . . on May 3, 2023."  *Id.* at 5, ¶ XVII (alteration added).

Plaintiff filed a timely Motion to Remand.  He argues that the amount in controversy was clear from the face of the Petition, emphasizing the allegation in the first paragraph that Plaintiff's damages exceed the federal jurisdictional threshold.  Doc. 10, p. 3.  Because the amount in controversy was facially apparent, Plaintiff prays for attorneys' fees associated with the filing of the motion to remand.

## II.
### LAW

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (*quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 357, 377 (1994)). Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). However, the federal district court must remand the action to state court if it finds that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that removal was procedurally proper, and that federal jurisdiction exists. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).  The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Under 28 U.S.C. § 1332, this federal court has original jurisdiction over civil actions between citizens of different states, where the amount in controversy exceeds $75,000.  To

determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

The removal statute at 28 U.S.C. § 1446 (b) governs the timing of removal. Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This 30-day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). To trigger § 1446(b)'s initial 30-day removal period, the initial pleading must include a "specific allegation that damages are in excess of the federal jurisdictional amount." *Id.*; *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013). When "the case stated by the initial pleading" does not provide grounds for removal, a defendant may remove the action "within 30 days after receipt . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## II.
### APPLICATION

The only question before the court is whether Defendants' Motion to Remand was timely. Neither party disputes that the parties are of diverse citizenship,[2] that the amount in controversy

---

[2] In the Notice of Removal, Defendants assert that that individual defendant Mosley is a domiciliary and citizen of Texas. Doc. 1, p. 2, ¶ IV. (referencing doc. 1, att. 1, p. 1). Defendants assert that Linden Bulk Transportation, LLC is a citizen of Delaware, Connecticut, and/or Florida because at the time the action commenced, its sole member was Delaware corporation with its principal place of business in Connecticut, (noting that the citizenship of Linden Bulk has since changed to Florida because it now derives its citizenship from the sole member of its sole member, a Florida corporation with its principal place of business in Florida). Doc. 1, p. 2, ¶ V. Defendants alleged that Protective Insurance Company is a citizen of Indiana because it is an Indiana corporation with its principal place of business in Indiana. Because Plaintiff is a domiciliary and citizen of Louisiana, Defendants reason that Plaintiff's citizenship is

exceeds $75,000, or that Defendants removed the case more than 30 days after receipt of the Petition. Plaintiff argues that service of the initial Petition triggered the 30-day removal clock, such that the removal was untimely under 28 U.S.C. § 1446(b)(1). Defendants argue that the Petition's damages allegations are insufficiently specific and too ambiguous to trigger the running of the clock.

The Court finds that in this case, the Petition "reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court[,]" triggering the 30-day removal clock. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The Petition states Plaintiff's claim for "damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, which damages exceed the threshold amounts for trial by jury and for Federal Court jurisdiction, and for all costs of these proceedings." Doc. 1, att. 1, p. 1. Because Defendants removed the case more than 30 days after the receipt of the Petition, the removal is untimely. 28 U.S.C. § 1446(b)(1).

Defendants argue that the language quoted above is unclear because it "includes ambiguous allegations for damages, costs, and legal interest in conjunction with the suggestion that damages exceed both thresholds for trial by jury and federal court." Doc.12, p. 2. This argument is unconvincing. The fact that Plaintiff seeks damages "together" with interests and costs does not render unclear his assertion that his "damages exceed the threshold amounts for trial by jury and for Federal Court jurisdiction."

Defendants further argue that a bare allegation that damages exceed the federal jurisdictional threshold is insufficient to trigger the running of the removal clock when a Petition

---

diverse from each Defendant's citizenship. Plaintiff does not challenge these assertions and the Court accepts them as true.

contains only "vague allegations as to injuries sustained and general categories of damages."  Doc. 12, p. 5.  Defendants cite no jurisprudence directly in support of this proposition, and the proposition contradicts a fundamental purpose of *Chapman* and *Mumphrey*, which is to promote certainty and judicial efficiency and prevent "protective" removals by establishing a

> "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a *specific allegation that damages are in excess of the federal jurisdictional amount*." Such a statement would provide notice to defendants that the removal clock had been triggered, but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

*Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992))(internal citations omitted, emphasis supplied).  Defendants propose a rule that would allow or require defendants to sometimes ignore specific allegations as to the amount in controversy, which would fundamentally undermine the purpose of *Chapman's* bright line rule.  The language in the Petition was plainly intended to invoke the bright line rule established in *Chapman*, put Defendants on notice that the damages exceed the federal jurisdictional threshold, and start the running of the removal clock.

### III.
#### ATTORNEY FEES

The motion to remand is accompanied by a request for attorneys' fees, costs and expenses. Doc. 10.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to grant or deny attorney's fees is within the discretion of the court and an award of such fees and costs is not automatic under 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Fifth Circuit has stated that attorney's fees "should only be awarded if the removing defendant lacked 'objectively reasonable grounds to believe the removal

was legally proper.'" *Hornbuckle v State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) (citing *Valdes*, 199 F.3d at 293).

Defendants assert that the award of costs and expenses would be inappropriate here because they removed the case after receipt of Plaintiff's medical records, based on a "good faith interpretation of the law that the amount in controversy was not affirmatively revealed on the face of the Petition." Doc. 12, p. 7.  The Court cannot ignore, however, that the first paragraph of the Petition asserts that the amount in controversy exceeds the threshold for federal jurisdiction.  The Petition also asserts that Plaintiff's injuries were severe, required medical treatment, and caused lost earnings and diminished earning capacity, lending credence to his assertion that his damages exceed the jurisdictional threshold.  Bearing in mind that Louisiana law prohibits a plaintiff from pleading a "specific monetary amount of damages," but allows for a general allegation that damages exceed or fall below the federal jurisdictional threshold, La. Code Civ. P. art. 893(A)(1), the Petition makes it plain as possible that the amount in controversy exceeds the federal jurisdictional threshold, within the bounds of Louisiana law.  This being the case, there is no objectively reasonable basis for Defendants to have believed that the notice of removal filed over six months later was timely or legally proper.  Under 28 U.S.C. § 1447, it is therefore recommended that Plaintiff be awarded the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.

## IV.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Remand [Doc. 10] be **GRANTED.**  It is further **RECOMMENDED** that defendants be ordered to pay plaintiff the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Should the district court adopt this recommendation, we suggest that plaintiff be allowed a reasonable

period of time within which to submit a document that it claims is representative of the fees and costs incurred as a result of this removal. It is further recommended that defendant be allowed adequate time within which to traverse that submission so that the court can adequately determine what would be the proper amount of fees and costs to be paid by defendants to plaintiff.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 28th day of August, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**